# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE FUENTES,<br><br>                          Plaintiff,<br><br>vs.<br><br>DUETSCHE BANK, HOMECOMINGS FINANCIAL NETWORK, FIRST METROPOLITAN MORTGAGE, and DOES 1 through 20, inclusive<br><br>                          Defendant. | CASE NO. 09 CV 502 JM(PCL)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

**Introduction**

On December 10, 2008, Plaintiff Debbie Fuentues ("Plaintiff") initiated an action in San Diego Superior Court against Defendants Duetsche Bank Trust Americas ("Deutsche Bank"), Homecomings Financial Network ("Homecomings"), First Metropolitan Mortgage, and Does 1-20 (inclusive) alleging claims in contract, violation of Cal. Civ. Code. § 2923.6, violation of 15 USC § 1611, et seq. ("Truth in Lending Act" or "TILA"), violations of 15 USC § 1692 and Cal. Civ. Code. § 1788, as well as claims for quiet title and declaratory relief.

On March 13, 2009, Defendant Duetsche Bank filed a Notice of Removal to bring this case into federal court. (Doc. No. 1.) Jurisdiction is proper under 28 USC § 1331 (federal question) as

1  Plaintiff asserts claims arising under 15 USC § 1611 *et seq.* and 15 USC § 1692.  Plaintiff did not
2  oppose removal.
3        On March 26, 2009, Defendants Duetsche Bank and Homecomings jointly filed a motion for
4  Judgment on the Pleadings pursuant to FRCP Rule 12(c), requesting dismissal with prejudice of all
5  of Plaintiff's claims. (Doc. No. 7).  On April 27, 2009, Plaintiff filed a response in opposition to the
6  motion (Doc. No. 9) and on May 7, 2009, Duetsche Bank and Homecomings replied to the opposition.
7  (Doc. No. 10).  The court hereby **GRANTS** the motion for the following reasons.
8  ///
9  **Background**
10 ///
11       Plaintiff entered into an agreement to purchase the real property located at 4169 Florida Street,
12 San Diego, CA in April, 2006.  Plaintiff financed the property by entering into a mortgage with
13 Homecomings, which was secured by a Deed of Trust.  It appears as though Homecomings was the
14 servicer of this loan, and that Plaintiff also entered into a separate mortgage with First Metro (not at
15 issue here). On or about December 1, 2006, Plaintiff defaulted on the loan.  On March 8, 2006,
16 Executive Trustee Services ("ETS"), as an agent for the beneficiary under the Deed of Trust recorded
17 a Notice of Default.  The property was then sold at public auction on November 29, 2007, and ETS
18 issued a Trustee's Deed conveying title in the subject property to Deutsche Bank.  Deutsche Bank's
19 interest in the loan is unclear, but it has been described as a "trustee" of the loan.
20 ///
21 **Legal Standard**
22 ///
23       A Rule 12(c) motion is proper when there are no issues of material fact, and the movant is
24 entitled to judgment as a matter of law.  Fed. R. Civ. P. 12(c).  The standard for granting a 12(c)
25 motion is essentially identical to the standard for granting a motion under Fed. R. Civ. P. 12(b)(6).
26 The court must assume the truthfulness of the material facts alleged in the complaint and must
27 construe any reasonably drawn inferences in favor of the responding party.  Fed. R. Civ. P. 12(c).
28 However, in order to survive a 12(c) motion the Plaintiff's grounds for relief must contain more than

1 mere labels, conclusions, and formulaic recitations of the elements of a cause of action. <u>Bell Atlantic
2 Corp. v. Twombly</u>, 550 US 544, 555 (2007). In addition, facts subject to judicial notice may be
3 considered by the court. <u>Mullis v. United States Bank</u>, 828 F.2d 1385, 1388 (9th Cir. 1987).

4 Fed. R. Civ. P. 15(a) provides that a complaint may be amended after a party files a responsive
5 pleading. A party may amend a complaint only with leave of the court or with the opposing party's
6 written consent, and leave should be granted by the court "when justice so requires." <u>Id.</u> However,
7 the decision to grant leave to amend rests with the sole discretion of the court. <u>Pisciotta v. Teledyne
8 Industries</u>, 91 F.3d 1326, 1331 (9th Cir. 1990). The court may take five factors into account: (1) bad
9 faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether
10 the plaintiff has previously amended the complaint. <u>Johnson v. Buckley</u>, 356 F.3d 1067. Prejudice
11 to the opposing party is the most important factor. <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387
12 (9th Cir. 1990).

13 ///

14 **Analysis**

15 ///

16       1. Breach of the Covenant of Good Faith and Fair Dealing (claim 2).

17 ///

18 Plaintiff alleges that both Deutsche Bank and Homecomings breached their duty of good faith
19 and fair dealing by: (1) offering Plaintiff an unconscionably low introductory rate devised to induce
20 Plaintiff to accept the loan, then fail in her payments, and (2) refusing to "work out" a plan for the
21 mortgage.

22 Plaintiff has not established that Defendants owed her a duty of good faith, nor articulated
23 behavior which would constitute a breach of that duty. First, Plaintiff's claim that Defendants
24 breached their duty to Plaintiff by offering the low, "teaser" rate does not constitute a valid claim. The
25 duty of good faith and fair dealing is limited to good faith in enforcement and performance of the
26 contract. <u>Price v. Wells Fargo Bank</u>, 213 Cal.App.3d 465, 479. Thus, this claim is improper as it
27 relates to the terms of the contract and not enforcement or performance thereof.

28 Second, Plaintiff's claim that Defendants refused to "work out a plan for the loan" should be

1  dismissed, as Plaintiff does not allege conduct which would violate an existing duty.  Even if a
2  fiduciary duty does exist, it would not "impose any affirmative duty of moderation in the enforcement
3  of legal rights." Price, 213 Cal.App.3d at 479.  Plaintiff does not allege that Defendant violated the
4  terms of the contract, nor dispute the fact that Plaintiff herself is in violation of the contract. Thus, the
5  court grants Defendant's motion for judgment on this claim.
6  ///
7      2. Violation of Cal. Civ. Code § 2923.6 (claim 4)
8  ///
9      Plaintiff alleges that Defendants are in violation of Cal.Civ.Code § 2923.6 for failure to
10 negotiate a loan modification. However, the loan was foreclosed on November 27, 2007 and the statute
11 did not become effective until July 8, 2008.  Thus, the statute was not in effect during the relevant
12 period. Even if the statute were in effect at all relevant times, Plaintiff would not have a cause of
13 action.  Cal.Civ.Code § 2923.6 only imposes a duty on members of the loan pool to each other.
14 Plaintiff is a borrower, not a member of the loan pool, and is owed no duty under the statute.  The
15 court grants Defendant's motion for judgment on this claim.
16 ///
17     3. Violation of 15 USC § 1611, et seq. ("Truth in Lending Act") (claim 5)
18 ///
19     TILA is a consumer protection statute that bars lenders from giving false or inaccurate
20 information, or failing to disclose certain information from consumers.  15 USC § 1611.  Plaintiff
21 argues that Defendants violated 15 USC § 1611, et seq. by: (1) refusing to validate and otherwise make
22 a full accounting and required disclosures as to the true finance charges and fees associated with the
23 loan, (2) improperly retaining funds belonging to Plaintiff, and (3) failing to disclose the status of the
24 ownership of the loan.  Plaintiff argues that these violations call for rescission and/or cancellation of
25 the loan.  Defendant argues that none of the conduct Plaintiff alleges would support a claim under
26 TILA, because TILA does not apply to any events after the loan has closed.  In addition, Defendant
27 maintains that the statute of limitations begins at loan execution and has run.
28     The court grants Defendant's motion for judgment on this claim for the following reasons.

1   First, rescission is not available to Plaintiff under § 1635(e)(1), which exempts residential mortgage
2   transactions from the statutory remedy of rescission.  Second, the one year statute of limitations runs
3   from the date of loan execution.  King v. California, 784 F.2d 910, 915 (9th Cir. 1986).   In this case,
4   the loan was executed on or about April 18, 2006, and Plaintiff's complaint was filed over two years
5   later on December 10, 2008.  Thus, Plaintiff's claim is barred.
6   ///
7           4. Violation of 15 USC § 1692 & Cal.Civ.Code § 1788, et seq. (claim 6)
8   ///
9           Plaintiff alleges that Defendants are in violation of both 15 USC § 1692 and Cal. Civ. Code
10  § 1788, et seq. based on their refusal to validate the debt at Plaintiff's request.  However, 15 USC §
11  1692 applies only to "debt collectors."  15 USC § 1692a(6)(1) excludes "any officer or employee of
12  a creditor while, in the name of the creditor, collecting debts for such creditor" from the definition of
13  debt collectors. In addition, 15 USC § 1692 only applies to consumer debts or transactions.
14  Residential mortgage loans fall outside of this definition, and the act of foreclosing on a residential
15  loan to be outside the definition of debt collection.  Kafele v. Frank & Wooldridge Co., 108 Fed.
16  Appx. 307, 2004 WL 1859358 (6th Cir. 2004); Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d
17  1188, 1204 (D.Or. 2002).  Thus, Plaintiff's claim fails.  Likewise, Plaintiff's claim fails under
18  Cal.Civ.Code § 1788, et seq., which largely incorporates the substantive provisions of 15 USC § 1692.
19  Since a residential mortgage is not a debt and a home foreclosure is not debt collection within the
20  meaning of the statute,  the court grants Defendant's motion for judgment with respect to this claim.
21  ///
22          5. Quiet Title and Declaratory Relief (claims 7 and 8)
23  ///
24          Plaintiff alleges that she is owner in fee and is in possession and control of real property
25  located at 4169 Florida Street, San Diego, California.  Plaintiff seeks to assert her right of ownership
26  against Deutsche Bank and any other defendants claiming any interest in the property.  Plaintiff
27  disputes Defendant's claim to title, and that ownership will rest with Defendants by means of a
28  trustee's sale. Plaintiff asks that Defendants' conduct be restrained, and declares that she is entitled to

1  title. In addition, Plaintiff asks that the court make a declaration of the rights and duties of the parties
2  herein.           An action for quiet title requires that the complaint set forth the following elements:
3  (1) a description of the property that is the subject, including its street address or common designation;
4  (2) the title of the plaintiff as to which a determination is sought and the basis of the title; (3) The
5  adverse claims to the title of the Plaintiff as to which a determination is sought; (4) The date as of
6  which the determination is sought; (5) a prayer for the determination of the title of the plaintiff against
7  the adverse claims. Cal. Civ. Pro § 761.020(a)-(e). Plaintiff's claim lacks a clear description of her
8  basis in the title of the property, the specific adverse claims against her, and any grounds warranting
9  Plaintiff's claim to quiet title.

10  While Plaintiff claims to be the owner of the property in fee, Plaintiff does not appear to be
11  the owner on record. Presumably, Plaintiff's claim to title is based on an invalidation of the
12  foreclosure or the terms of the loan, of which Plaintiff admits to be in default. However, Plaintiff's
13  complaint does not contain any grounds that would justify invalidation of either. In addition,
14  Plaintiff's claim is vague as to what claims to title have been made and by which Defendants. While
15  Plaintiff notes that quiet title actions can be brought to address a wide variety of claims, Plaintiff has
16  not raised any actual controversy as to title.

17  Likewise, Plaintiff's request for declaratory relief is hereby denied. Plaintiff's complaint
18  alleges: "[a] dispute has arisen between and among the Plaintiff and Defendants herein[.]" However,
19  Plaintiff has not identified any actual controversy that would require declaratory relief. Plaintiff's
20  mere conclusory statement is not enough to maintain a claim for declaratory relief.

21  In sum, the court grants Defendant's motion for judgment with respect to both claims.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1 **Conclusion**

2 ///

3 For the above reasons, Defendant's Motion for Judgment on the Pleadings is **GRANTED**.
4 Plaintiff's claims against Defendants are **DISMISSED** with 30 days leave to amend, with the
5 exception of Plaintiff's claims under Cal. Civ. Code. § 2923.6, 15 USC § 1692, and Cal. Civ. Code
6 § 1788, et seq. As amendment on those claims would be futile, they are **DISMISSED** without leave
7 to amend.

8 **IT IS SO ORDERED.**

9 DATED: July 8, 2009

10 _____
11 Hon. Jeffrey T. Miller
United States District Judge